NOT DESIGNATED FOR PUBLICATION

No. 114,926

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

LESLIE ELLIFRITS,
*Appellant*,

v.

REX PRYOR,
*Appellee*.


MEMORANDUM OPINION

Appeal from Ellsworth District Court; RON SVATY, judge. Opinion filed July 29, 2016. Affirmed.

*Donald E. Anderson II*, of Robert A. Anderson Law Office, of Ellinwood, for appellant.

*Robert E. Wasinger*, legal counsel, of Kansas Department of Corrections, for appellee.

Before SCHROEDER, P.J., GREEN, J., and STUTZMAN, S.J.

*Per Curiam*:  Leslie Ellifrits appeals the summary denial of his K.S.A. 2015 Supp. 60-1501 petition. Finding no evidence Ellifrits exhausted his administrative remedies, we affirm.

On February 4, 2015, Ellifrits filed a petition for writ of habeas corpus alleging he was being wrongfully detained because the Kansas Parole Board knowingly used inaccurate information to deny his parole. In his petition, Ellifrits raised four issues:  he requested a copy of his Department of Corrections file; "that all wrongful statements be taken out of his file(s)"; a new mental health evaluation; and a different review board review his parole. From the record on appeal, it does not appear the State responded to Ellifrits' petition. On April 13, 2015, the district court summarily dismissed Ellifrits'

1

K.S.A. 2015 Supp. 60-1501 petition for failure to state facts entitling him to relief. Ellifrits appealed.

On appeal, Ellifrits argues the district court erred when it summarily denied his petition because he had a right to review the information in his criminal history record. He also argues the Kansas Parole Board's reliance on false information was arbitrary and capricious.

The State argues Ellifrits is not entitled to relief because he did not attach proof he exhausted his administrative remedies as required by K.S.A. 75-52,138. The State also contends Ellifrits' petition was filed outside the 30-day window provided by K.S.A. 2015 Supp. 60-1501(b) and he has not made a claim implicating a constitutionally protected liberty interest.

To maintain a K.S.A. 2015 Supp. 60-1501 action, a prisoner must assert the deprivation of a constitutional right. *Anderson v. McKune*, 23 Kan. App. 2d 803, 806-07, 937 P.2d 16, *cert. denied* 522 U.S. 958 (1997). The petition must allege "shocking and intolerable conduct or continuing mistreatment of a constitutional stature." *Johnson v. State*, 289 Kan. 642, 648, 215 P.3d 575 (2009). If "the motion and the files and records of the case conclusively show that the inmate is entitled to no relief, the writ shall be dissolved at the cost of the inmate." K.S.A. 2015 Supp. 60-1505(a). Appellate courts exercise de novo review of a summary dismissal. *Johnson*, 289 Kan. at 649.

K.S.A. 75-52,138 states:

"Any inmate in the custody of the secretary of corrections or in a county jail, prior to filing any civil action naming the state of Kansas, any political subdivision of the state of Kansas, any public official, the secretary of corrections, the warden, the sheriff, or an employee of the department of corrections or the county, while such employee is engaged in the performance of such employee's duty, as the defendant pursuant to the rules of civil procedure, shall have exhausted such inmate's administrative remedies,

2

established by rules and regulations promulgated by the secretary of corrections or by county resolutions, concerning such civil action. *Upon filing a petition in a civil action, such inmate shall file with such petition proof that the administrative remedies have been exhausted.*" (Emphasis added.)

"[T]he exhaustion requirement set forth in K.S.A. 75-52,138 is a mandatory, but nonjurisdictional, prerequisite to filing suit that must be strictly enforced by the court." *Chelf v. State*, 46 Kan. App. 2d 522, 533, 263 P.3d 852 (2011).

The record on appeal contains no proof Ellifrits exhausted his administrative remedies. Appellants have the burden to provide a record sufficient to support their arguments. *Nold v. Binyon*, 272 Kan. 87, 96, 31 P.3d 274 (2001). Although his K.S.A. 2015 Supp. 60-1501 petition indicates exhibits were attached, there are no exhibits attached to the petition in the record on appeal. Since there are no exhibits attached to Ellifrits' petition in the record on appeal, we have no proof he exhausted his administrative remedies. Accordingly, although the district court dismissed Ellifrits' petition for a different reason, it did not err in summarily dismissing the petition. See *State v. Overman,* 301 Kan. 704, 712, 348 P.3d 516 (2015) (if a district court reaches the correct result, its decision will be upheld even though it relied upon the wrong ground or assigned erroneous reasons for its decision).

Further, we note the Kansas Supreme Court has held that a prisoner has no constitutionally protected legal right to parole. *Gilmore v. Kansas Parole Board*, 243 Kan. 173, 178-80, 756 P.2d 410, *cert. denied* 488 U.S. 930 (1988). Even if Ellifrits had shown he exhausted his administrative remedies, he could not show he was deprived of a constitutional right.

Affirmed.